ROBERT BOWSER v. THE STATE.

No. 12800.   Delivered November 27, 1929.

The opinion states the case.

*J. E. Spence,* of Sulphur Springs, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The possession of intoxicating liquor for the purpose of sale is the offense; punishment fixed at confinement in the penitentiary for one year.

The appellant was seen to come from a drug store, having in his possession a package which had a newspaper wrapping on it.   When first seen he was in front of a barber shop and from there he went into the drug store, where he remained but a short time. . An officer accosted the appellant and took the package from his possession. Upon examination it was found to contain whisky.

The appellant testified that he was employed at the Acme Barber Shop; that a traveling salesman had called him and requested that he deliver a package, stating that he would give him a quarter, and pointed out an automobile which was standing upon the street in which the package was to be placed.   The appellant stated that he did not know what the package contained until the officer unwrapped it.   He testified that he had never been convicted of a felony and introduced several witnesses who testified to his good reputation as a law-abiding citizen.   He denied making the statement to the officers that he knew that the package contained whisky.

In his motion for new trial the appellant laid the proper predicate for reliance upon newly discovered evidence of Abner Thomas.

There was presented the affidavit of Thomas to the effect that on the day that the appellant was arrested the witness saw him in front of a barber shop and heard a white man call him from a drug store; that he next saw the appellant leave the place on the curb where he had been talking to the witness and go to the drug store and receive from the white man a package wrapped in a paper; that the man delivered some money to the appellant who then started across the street. The witness did not know the appellant's name at the time but knew him as "Wild Horse."

The court instructed the jury to acquit the appellant if they believed from the evidence that he was delivering the package for another. The newly discovered evidence bore directly upon the only defensive issue arising from the evidence and submitted to the jury. The accused had been in jail continuously from the time of his arrest and had been unable to locate the white man from whom he claimed to have gotten the whiskey. The trial took place but four days after his arrest. C. C. P., Art. 753, subd. 6, lays down as one of the statutory grounds for a new trial the discovery of new and material testimony after the trial. On the facts, the case is analogous to the decision of this court in Petrea v. State, 249 S. W. 1050, but it is believed that the motion should have been granted.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*